# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

WILLIAM EDWARD LOWRY,
    a.k.a. *William Edward Lowery*      \*

Plaintiff      \*

v      \*      Civil Action No. PX-16-3164

DR. KIM JONES FEARING, *et al.*      \*

Defendants      \*

\*\*\*

## MEMORANDUM OPINION

Following dismissal of Plaintiff William Lowry's claims for monetary damages (ECF Nos. 22 & 23), plaintiff filed a self-styled pleading entitled "Response Memorandum" (ECF No. 24) in which he takes issue with this Court's denial of leave to file a surreply and of his request for a jury trial. The remainder of his pleading addresses the validity of his involuntary commitment and the treatment he has received. The pleading is construed as a motion to alter or amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Also pending is Defendants' response to this Court's order for further information concerning Lowry's exhaustion of state remedies. ECF No. 25. In light of Defendants' response, and for the reasons more fully set forth below, Lowry's motion for reconsideration is denied. The remaining claim asserted in the complaint, appropriately construed as a petition for habeas corpus challenging his confinement, is dismissed without prejudice.

**1.**      **Motion to Alter or Amend**

The Federal Rules of Civil Procedure do not provide for a postjudgment motion for reconsideration. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Rather, under Rule 59(e) a party may move to alter or amend the judgment or under Rule 60(b),

may move for relief from judgment. "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The Fourth Circuit has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. Parties are not permitted, however, to raise arguments that could have been raised before the Court's decision. Further to the extent a party relies on newly discovered evidence, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Id.* (citations and internal quotation marks omitted). Lowry's motion is timely and properly considered under Rule 59(e).

> Previously, this Court ruled, in pertinent part, that:

> Here, the evidence construed in the light most favorable to Lowry supports the propriety of his continued commitment and the lack of actionable infirmities in the related commitment proceedings and treatment that he received. Lowry's belief that his symptoms worsened because he was prescribed medication appears to be a part of the illness he suffers. Even the evidence Lowry presents in support of his complaint establishes that the key to managing Lowry's mental illness is through prescribed medication. *See* ECF No. 17-1 at p. 17 (Dr. Holt noting that Lowry's compliance with psychotropic medication has eliminated symptoms of schizophrenia). Accordingly, Lowry's claim for monetary damages in connection with his commitment proceedings and related treatment must fail.

> To the extent that Lowry claims that he is no longer in need of required continued hospitalization, ample evidence demonstrates that the professional judgment of those charged with his care support his continued commitment. Put differently, nothing presented in this case suggests that Lowry's hospitalization and continuing course of care has fallen so far below a professional standard as to be arbitrary and unprofessional. *See Patten*, 274 F.3d at 843. Defendants are entitled to summary judgment on the claim for monetary damages.

> To the extent that Lowry's claim is a challenge to the validity of his continued confinement going forward, it is properly reviewable as a petition for habeas corpus. Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the

> petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).
>
> The Court cannot discern from this record whether Lowry has exhausted his state remedies. Lowry, as a detainee committed to a mental health facility, maintains the right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Code Ann., Health-Gen. § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.*, § 10-805(h). However, the Court is unable to conclude whether Lowry is currently represented by counsel, has access to the appropriate state court for review of his continued involuntary commitment, or has availed himself of those remedies. Accordingly, this court will require counsel for defendants to file a status report on the issue of exhaustion. Upon receipt of that information, the court will determine whether Lowry's claim regarding the legality of his confinement may be heard or is subject to dismissal without prejudice for failure to exhaust state remedies.

ECF 22 at p.9-10 (footnote omitted).

Lowry now argues that he "presented solid evidence supporting his claim of medical malpractice;" he was put into a "hostile environment" in violation of his Fourteenth Amendment rights; he was harmed when his medication was changed; he possesses "viable evidence supporting his innocence of any existing charge;" an independent doctor has examined him and found that Lowry presents no danger or threat to himself or others and is competent to stand trial; his "motion for summary judgment was superceeded (sic) by a request for a jury trial;" and this Court erred when it did not allow him to file a surreply. ECF No. 24 at pp. 4 -5. Lowry's motion amounts to a "disagreement with the Court's decision," and, as such, does not provide

sufficient justification to alter or amend the Court's judgment under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

With respect to Lowry's assertion that this Court erred procedurally when it denied his request for a jury trial and his request to file a surreply, the allegation is without merit. A jury trial is unwarranted where, as here, no genuine dispute of material fact exists for a jury to resolve. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F. 3d 514, 526 (4th Cir. 2003) (factually unsupported claims may not proceed to trial). As to Plaintiff's surreply, no party is entitled to file a surreply unless otherwise ordered by the Court. *See* Local Rule 105.2(a) (D. Md. 2016). A surreply is most often permitted when the moving party must respond to matters raised for the first time in a reply. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). Defendants in this case did not present any new matters in their reply (ECF No. 13), and Lowry does not allege the contrary.[1] What is more, the Court had considered Lowry's supplemental pleadings submitted in connection with his response. (ECF Nos. 14, 17). The motion to file a surreply was properly denied under these circumstances.

2.  **Defendants' Status Report (ECF No. 25)**

Plaintiff was involved in two adjudicated criminal cases, both in the Circuit Court for Harford County. In the first case (Case No. K-12-2008), Lowry was found not criminally responsible (NCR) on April 30, 2014 for committing first degree arson, and was admitted to Clifton T. Perkins Hospital Center (Perkins) on May 9, 2014. ECF No. 25 at Ex. 1. On October 23, 2014, Lowry had a 50-day release hearing as required by Md. Code Ann., Crim. Proc. § 3-115, and was found not eligible for release. ECF No. 25 at Ex. 2. Lowry did not appeal that

---

[1] Lowry's argument as to the surreply in his Response Memorandum appears to be that he wanted raise additional arguments independent of anything raised in Defendants' reply.

4

decision or note any exceptions. Accordingly, on December 22, 2014, the Circuit Court for Harford County issued an order of continued commitment. ECF No. 25 at Ex. 3.

While Lowry was on release before his May 9, 2014 commitment, he was charged with indecent exposure in the Circuit Court for Harford County (Case No. K-14-635). ECF No. 25 at Ex. 4. On July 30, 2015, he was found incompetent to stand trial on those charges. *Id*. As a consequence of having been found incompetent, Lowry was no longer eligible for release, and subject to commitment and reconsideration of his competency. *See* Md. Code Ann. Crim. Proc. §§ 3-108, 3-119.

When a criminal defendant has been found incompetent to stand trial and committed, the Department of Health must review the incompetency finding every six months and reduce the review to a written report. *See* Md. Code Ann. Crim. Proc. § 3-108. Lowry's recent competency review occurred on April 25, 2017, and pretrial services thereafter notified the Harford County Circuit court that plaintiff remained incompetent and was "not likely to be restored to competency in the foreseeable future." ECF No. 25 at Ex. 6. The Circuit Court then dismissed the pending charges via *nolle prosequi*. ECF No. 25 at Ex. 5.

Because the indecent exposure charges were dismissed, Lowry's current commitment is pursuant to the NCR verdict rendered in Case K-12-2008. Lowry is thus eligible for a release hearing under Md. Code Ann. Crim. Proc. §3-119. Lowry so far has not requested a release hearing. Defendants aver that should plaintiff make that request, he may be eligible for representation through the Office of the Public Defender. ECF No. 25 at p. 3.

Defendants further note for this Court that, contrary to Lowry's assertions, all matters that Lowry had raised in Circuit Court have been considered and denied. Plaintiff has not appealed any of the Circuit Court decisions. ECF No. 25 at Ex. 7. Nor has he filed a petition for

writ of habeas corpus in the State courts. Accordingly, any challenges to such decisions must be dismissed for failure to exhaust state remedies.

28 U.S.C. § 2254(b) governs federal habeas petitions involving a challenge to a state conviction. Under § 2254, a petitioner must first exhaust state remedies before this Court may hear the claim. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, the claim must first be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals, and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion may be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, the claim must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but denied on the merits, the

petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, 292 Md. at 210-211.

Plaintiff does not purport to have exhausted his state remedies. Instead, he focuses instead on the merits of the underlying decisions which, in his view, resulted in his continued confinement to Perkins. Plaintiff also complains that the state court is not addressing his concerns, and expresses dissatisfaction with the performance of counsel in the past. ECF No. 24. Because Lowry has failed to exhaust state remedies, this Court lacks jurisdiction to consider the merits of his claims. Plaintiff's claims regarding the validity of plaintiff's confinement are therefore dismissed without prejudice to refile if and when Plaintiff successfully satisfies exhaustion. A separate Order follows.

| 3/27/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |